In the Matter of the Estate of SAMUEL GUTERMAN, Deceased. JACOB W. FRIEDMAN et al., Appellants; LIBBY TRIGG, Respondent.—In a special proceeding to compel trustees to invade the principals of certain trusts, the appeal is from an order of the Surrogate's Court, Nassau County, dated April 29, 1980, which denied the trustees' motion to direct petitioner to join additional parties by supplemental citation. Order affirmed, without costs or disbursements. Involved herein is the application of the doctrine of virtual representation as embodied in SCPA 315. As the Surrogate's Court correctly determined, the similarity of economic interests of the representor and representee is of primary importance. Considerations of kinship and familial affection should be accorded little weight under the circumstances of the case. Accordingly, the infant great-grandchildren of the testator, who are contingent remaindermen under the trusts, may be represented by their parents (grandchildren of the testator), who are remaindermen and have been joined as parties. Hopkins, J. P., Rabin, Margett and O'Connor, JJ., concur.

In the Matter of LORRAINE LOEB, Petitioner, v NOAH WEINBERG, as Commissioner of the Rockland County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, dated December 11, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for an exemption from the agency's work rules pursuant to 18 NYCRR 385.4 (b). Proceeding dismissed as moot, without costs or disbursements. We note that petitioner has already completed her degree program even without benefit of an exemption from the regulations. Accordingly, the issue raised in this proceeding is moot. Hopkins, J. P., Rabin, Margett and O'Connor, JJ., concur.

In the Matter of JEROME M., Appellant.—Appeal from an order of the Family Court, Kings County, dated May 24, 1979, which, after a fact-finding determination, adjudged that appellant was a juvenile delinquent and placed him on probation. Order reversed, on the facts, without costs or disbursements, and petition dismissed. Appellant's guilt was not established beyond a reasonable doubt. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.